**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MENSAH KAMAU BAKARI,      :
also known as           :   Civil Action No. 05-5370 (DMC)
CLIFTON ERIC WILKINS,      :
         Petitioner,   :
                     :
         v.          :   **OPINION**
                     :
ROY L. HENDRICKS, et al.,   :
                     :
         Respondents.   :

**APPEARANCES:**

     MENSAH KAMAU BAKARI, Petitioner Pro Se
     #204129
     Northern State Prison
     P.O. Box 2300
     Newark, New Jersey 07114

     LINDA K. DANIELSON, ESQ.
     Office of the New Jersey Attorney General
     Appellate Bureau
     P.O. Box 086
     Trenton, New Jersey 08625
     Counsel for Respondents

**CAVANAUGH**, District Judge

    This matter is before the Court on Petitioner Mensah Kamau Bakari's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

Petitioner, Mensah Kamau Bakari ("Bakari"), also known as Clifton Eric Wilkins, was indicted by an Essex County Grand Jury on November 26, 1985, on charges of conspiracy to commit robbery (count one), murder (count two), first degree robbery (count three), unlawful possession of a weapon (count four), possession of a weapon for an unlawful purpose (count five), possession of armor piercing ammunition (count six), and conspiracy to commit murder (count seven).  (RE 1, Petitioner's brief on direct appeal from judgment of conviction).[1]  Bakari was tried before a jury in 1986 and was found guilty on Counts One through Five, and acquitted on Count Six.  Count Seven had been dismissed prior to trial by motion of the prosecutor.

On May 30, 1986, Bakari was sentenced to life in prison with a 30-year period of parole ineligibility on Count Two.  A four year concurrent sentence was imposed with respect to Count Four. The remaining counts were merged for the purpose of sentencing. (RE1; RE3, Opinion, Superior Court of New Jersey, Appellate Division, dated September 3, 1987, affirming conviction).

Bakari filed a direct appeal from his conviction and sentence to the New Jersey Appellate Division, and his conviction was affirmed in an Opinion filed on September 3, 1987.  (RE3).

---

[1]  "RE" denotes reference to the state court record provided by the respondents.

2

The New Jersey Supreme Court denied certification on November 5, 1987.  (RE6, November 5, 1987 Order of the Supreme Court of New Jersey).

Thereafter, on or about February 6, 1991, Bakari filed his first PCR petition in state court.  The Honorable Leonard D. Ronco, J.S.C., Superior Court of New Jersey, Law Division, Essex County, denied the PCR petition by Order filed on January 22, 1992.[2]  (RE8).  Bakari appealed from that decision, and the New Jersey Appellate Division affirmed denial of post-conviction relief in an Opinion filed on January 28, 1998.  (RE11).  The New Jersey Supreme Court denied certification by Order filed May 21, 1998.

In 1992, Bakari had filed his first federal habeas petition in this District Court before the Honorable Lee Sarokin, U.S.D.J. Judge Sarokin dismissed Bakari's petition on March 30, 1992 because it was a "mixed" petition containing both exhausted and unexhausted claims.  After Bakari's state PCR proceedings concluded on appeal, Bakari filed his second federal habeas petition, on or about December 22, 1998, in Bakari v. Hendricks, et al., Civil No. 99-686 (AMW).  The Honorable Alfred M. Wolin, U.S.D.J. dismissed Bakari's habeas petition by Opinion and Order

---

[2]  Hearings on petitioner's application for post-conviction relief were conducted on January 13, 1992 and January 22, 1992. (RE21 and RE22, Transcripts of state PCR hearings held on January 13, 1992 and January 22, 1992, respectively).

3

filed July 22, 1999, finding that it was a mixed petition.  Judge
Wolin ordered that the petition be dismissed without prejudice,
but informed petitioner that for the District Court to review the
petition on the merits, petitioner must either exhaust his
ineffective assistance of counsel claim in the state courts, or
remove the unexhausted claim from his petition.

Bakari opted to exhaust his claim in state court.  He claims
that the Office of the Public Defender received his state PCR
petition, which asserted the ineffective assistance of counsel
claim, on September 3, 1999.  The Honorable Paul J. Vichness,
J.S.C. denied the second state PCR petition on November 30, 1999.
Bakari filed an appeal on December 5, 1999, and claims that he
has not received any response.  He then contacted the Public
Defenders' Office and was told that an attorney was not assigned
to his case yet.  After an elapse of time with no response,
Bakari filed this federal habeas petition.  (See Docket Entry No.
4, Petitioner's response to December 7, 2005 Order to Show Cause)

Bakari's third federal habeas petition was filed on or
about November 14, 2005.  On preliminary review of the petition,
it appeared from the face of the application that the habeas
petition was untimely filed pursuant to 28 U.S.C. § 2244(d).
Accordingly, this Court issued an Order to Show Cause to
petitioner on December 7, 2005, directing Bakari to show cause in
writing why his petition should not be dismissed as time-barred

under 28 U.S.C. § 2244(d).  (Docket Entry No. 2).  Petitioner responded by handwritten letter, dated December 23, 2005. (Docket Entry No. 4).  He claims that any delay in filing this habeas petition was not his fault, and that he made every attempt to expedite this matter.  (Id.).

On March 21, 2006, this Court issued an Order directing the respondents to answer the petition.  Respondents filed an answer to the petition, with copies of the relevant state court record, on May 30, 2006.  Respondents answered the petition on April 11, 2006.

## II.  STATEMENT OF CLAIMS

In his petition, Bakari raises the following claims in support of application for habeas relief:

Ground One:  A witness at trial submitted an affidavit after trial concluded, recanting her testimony against petitioner.

Ground Two:  Ineffective assistance of appellate counsel for failing to raise the newly discovered evidence of the recanted testimony on direct appeal.

Ground Three:  Petitioner was denied due process of law when trial court refused to hold an evidentiary hearing on the state PCR petition.

Ground Four:  Prosecutorial misconduct during trial summation.

The State answered the petition asserting several affirmative defenses.  First, the State contends that the action is time-barred.  Second, the State asserts that several of Bakari's grounds for habeas relief do not raise cognizable claims of federal constitutional dimension for federal habeas relief under 28 U.S.C. § 2254.  The State also contends that petitioner's claims are without substantive merit.

### III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

6

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the

United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.

_____

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

8

Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000), cert. denied, 539 U.S. 948 (2003).

---

[4]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Here, Bakari's judgment of conviction became final before the enactment of AEDPA on April 24, 1996.  Therefore, Bakari had one year from April 24, 1996, or until April 24, 1997, to bring his federal habeas petition under § 2254.

However, this Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before April 24, 1997, because Bakari had filed his first state PCR application in 1991 and it remained pending until May 21, 1998, when the New Jersey Supreme Court denied certification.  Thus, the limitations period was tolled during that time and did not begin to run until May 21, 1998.  Bakari had one year from that date, or until May 21, 1999, to file a timely federal habeas petition.

Bakari did file a federal habeas petition before the one-year limitations period had expired.  That petition was filed on or about December 22, 1998, but was dismissed as a mixed petition on July 22, 1999.  In that case, Judge Wolin dismissed the petition without prejudice, but did inform petitioner that Bakari must either remove the unexhausted claim from his petition or exhaust the ineffective assistance of counsel claim in the state courts in order for the District Court to review Bakari's petition on the merits.  Bakari admits that he opted to exhaust his claim in state court, but did not file anything until

September 3, 1999, almost four months after the statute of limitations had expired.

Respondents argue that any state PCR petition filed after May 21, 1999 would not serve to statutorily toll the time for Bakari to file his federal habeas petition, pursuant to 28 U.S.C. § 2244(d)(2) because it would have been filed beyond the expiration of the statutory period.  This Court agrees.  Since the second state PCR was filed on or about September 3, 1999, after the limitations period had expired, the limitations period was not statutorily tolled by the filing of Bakari's second PCR petition.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)(state PCR petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004)(same), cert. denied, 544 U.S. 1037 (2005).

This Court acknowledges that Bakari's second unexhausted § 2254 habeas petition was pending in this federal district court between December 22, 1998 and July 22, 1999, when it was dismissed without prejudice as a mixed petition.  However, this Court holds that the limitations period was not tolled while Bakari's second federal habeas petition was pending.  Statutory tolling is not available while an unexhausted § 2254 petition is pending before a federal court.  See Duncan v. Walker, 533 U.S. at 181-82 ("an application for federal habeas corpus review is

12

not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and, thus, does "not toll the limitation period during the pendency of respondent's first federal habeas petition."); Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004); see also Rhines v. Weber, 544 U.S. 269, 274-75 (2005)("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Equitable tolling also is foreclosed here by the Third Circuit's ruling in Jones v. Morton, 195 F.3d at 159-60, that, absent extraordinary circumstances, the limitations period is not equitably tolled while an unexhausted petition is pending before a district court. In Jones, petitioner filed his second § 2254 petition on March 28, 1995, and the district court dismissed it on July 15, 1996, on the ground that it did not raise a federal claim and, alternatively, for failure to exhaust state court remedies. Id. at 155. Jones applied for a certificate of appealability, which the Third Circuit denied on January 13, 1997, for failure to exhaust state court remedies. Id. at 156. Jones then filed his third § 2254 petition, the one at issue, on November 3, 1997. Id. The Court dismissed that petition on April 9, 1998, on several grounds, including statute of limitations. Id. The Third Circuit granted a certificate of appealability as to whether the District Court properly dismissed

13

the petition as time-barred and whether Jones was entitled to tolling of the limitations period.  Id. at 156.  The Third Circuit noted that Jones' prior unexhausted petition was pending before this Court from the date of AEDPA's enactment on April 24, 1996, until February 14, 1997, and that, if Jones were afforded tolling during the pendency of that petition, his present petition would be timely.  Id. at 158.  After rejecting Jones' statutory tolling argument, the Third Circuit considered Jones' contention that, in light of his repeated attempts to be heard in federal court, it would not be equitable to bar the current petition as untimely.  Id. at 160.

Noting that, "[t]raditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held that Jones' "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations" and that he had established "no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court."  Id.  The Court also rejected Jones' argument that the filing date of the current petition should relate back to the filing date of the second unexhausted petition because, once the prior petitions were dismissed, there was nothing for the third petition to relate back to.  Id.  The Third Circuit held that, "if a petition is

14

dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action." Id. at 160-61.

The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this Court from finding that Bakari's filing of his second unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the time the second petition was pending in this Court.[5] Id. As Bakari provides no other extraordinary circumstance that might warrant equitable tolling of the limitations period, the statute of limitations expired on May 21, 1999.

The Supreme Court's recent decisions in Pliler v. Ford, 542 U.S. 225 (2004), and Rhines v. Weber, 544 U.S. 269 (2005), are instructive.  In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired.  After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims.  The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed.  The petitioner re-filed

---

[5]  See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002)(equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition).

his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations.  The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition.  The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice. Pliler, 542 U.S. at 231.  The Court expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

> Respondent reads Rose as mandating that a
> prisoner be given *the choice* of returning to
> state court to exhaust his claims or amending
> or resubmitting the habeas petition to
> present only exhausted claims to the district
> court.  But Rose requires only that a
> district court must dismiss . . . mixed
> petitions, leaving the prisoner with the

16

> choice described above.  In other words, <u>Rose</u>
> requires dismissal of mixed petitions, which,
> as a practical matter, means that the
> prisoner must follow one of the two paths
> outlined in <u>Rose</u> if he wants to proceed with
> his federal habeas petition.  But nothing in
> <u>Rose</u> requires that both of these options be
> equally attractive, much less suggests that
> district judges give specific advisements as
> to the availability and wisdom of these
> options.

<u>Pliler</u>, 542 U.S. at 233 (citations and internal quotation marks omitted).

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court vacated a judgment of the Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court.  Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," <u>id.</u> at 274-75, the Court observed that

> If a petitioner files a timely but mixed
> petition in federal district court, and the
> district court dismisses it under <u>Lundy</u> after
> the limitations period has expired, this will
> likely mean the termination of any federal
> review.  For example, if the District Court
> in this case had dismissed the petition
> because it contained unexhausted claims,
> AEDPA's 1-year statute of limitations would
> have barred Rhines from returning to federal
> court after exhausting the previously
> unexhausted claims in state court.

<u>Id.</u> at 275.

The <u>Rhines</u> Court held that a district court has the authority to issue stays only where a stay would be compatible

17

with AEDPA's purposes.   Id. at 276. The Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278.

In light of Pliler, Rhines, and Jones, this Court holds that the limitations period was not equitably tolled while Bakari's second § 2254 habeas petition was pending.   Here, like in Pliler, Bakari filed his second § 2254 petition before the one-year limitation period had expired, and the district court summarily dismissed the "mixed" petition after the statute of limitations had run.   However, in dismissing the petition without prejudice, the court informed Bakari that his petition could be reviewed on the merits if he withdrew his unexhausted claim.   Bakari opted to go back to state court for a second post-conviction review of his unexhausted claim.   There is no evidence that he diligently pursued state court review of the ineffective assistance of appellate counsel claim before he belatedly filed this current

habeas petition in November 2005, over six years after the limitation period had expired.[6]

Moreover, Bakari was not unfamiliar with the requirement that all claims presented for federal habeas review must be exhausted.  His first § 2254 petition was dismissed on this ground in 1992.  Thus, Bakari cannot rely on a misunderstanding or ignorance of the exhaustion requirement to excuse his failure to comply with the statute of limitations.  See Jones, 195 F.3d at 160; Fahy, 240 F.3d at 244.

Finally, Bakari's unexhausted claim is not potentially meritorious to have warranted the district court to stay the second habeas petition while petitioner exhausted in state court. Bakari claims that his appellate counsel was ineffective in failing to raise newly discovered evidence (the issue of recanted trial testimony) on direct appeal.  A similar claim was raised in Bakari's first state PCR petition, in which he asserted ineffective assistance of counsel in failing to raise the issue of petitioner's right to a new trial based on the same newly

_____

[6] Bakari admits that his second state PCR petition was denied on November 30, 1999 and that he filed an appeal on December 5, 1999.  However, he provides no documentary evidence to support this allegation.  Bakari claims that the delay in filing this current § 2254 habeas petition was not his fault because he never had any response from the Public Defenders' Office after he allegedly filed an appeal from the denial of his second state PCR petition.  But it is clear that from December 1999 until November 2005, almost six years, Bakari did nothing in an effort to diligently prosecute his alleged state PCR appeal. This lack of diligence negates equitable tolling.

discovered evidence.  The state court, in denying this claim, found that the matter was already adjudicated in a motion brought by trial counsel before Bakari's sentencing on May 30, 1986, and further, that the statements of recantation would not have affected or altered the outcome of petitioner's trial.  (RE22, January 22, 1992 PCR Transcript at 6:3-7:16).

Therefore, because Bakari is not entitled to equitable tolling of the limitations period, the Court will dismiss this habeas petition as untimely.

### IV.  <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

  S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United State District Judge

Dated: 12/4/06